IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

```
UNITED STATES OF AMERICA        §
                                §
v.                              §   CRIMINAL NUMBER H-15-564 (26)
                                §
RAMON DE LA CERDA               §
```

## **CONCLUSIONS AND ORDER**

Pending before the court are Motion to Strike Notice of Appearance ("Motion to Strike") (Docket Entry No. 1157) filed by CJA Panel Attorney Greg Gladden, Ex Parte Sealed Motion to Reconsider Termination or Reinstate Appointment of Capital Learned Counsel and Unopposed Motion for Substitution to Relieve CJA Panel Attorney Gladden of His Appointment filed by Danalynn Recer ("Motion for Reconsideration and Substitution") (Docket Entry No. 1171), Ex Parte Motion for Expedited Review and Hearing filed on behalf of defendant Ramon de la Cerda by William Sothern ("Motion for Expedited Review and Hearing") (Docket Entry No. 1181); Motion for Leave to File Ex Parte Pleading Containing Protected Material Under Seal and Sequestered Pursuant to Texas Rule of Professional Conduct 1.05; the District CJA Plan XII.B.7; and Local Rule 5.1 (Docket Entry No. 1208), Amended Motion to Substitute for CJA Panel Attorney Greg Gladden (Docket Entry No. 1213), and Renewed Motion for Sequestered, Ex Parte, Sealed in Camera Hearing and Sequestered Filing (Docket Entry No. 1216).

For the reasons stated in § II of the sealed Memorandum Opinion entered herewith, the court concludes that Recer's Motion for Reconsideration and Substitution should be denied because (1) Recer received notice and opportunity to be heard whether she should be relieved of her appointment; (2) Recer was relieved of her appointment in the interests of justice for failing to respond either timely or substantively to the court's orders, for submitting responses that were needlessly voluminous, untrustworthy, and virtually useless for assessing the accuracy, compensability, or reasonableness of her billings, and showed that she was not only failing to comply with the law and policies governing capital case management, but was also failing to perform substantive work needed to advance the case; and (3) reinstating Recer will not serve the interests of justice because her conduct is needlessly delaying the case to the detriment of her client, the other defendants, the court, and the administration of justice. Accordingly, the Ex Parte Sealed Motion to Reconsider Termination or Reinstate Appointment of Capital Learned Counsel, Docket Entry No. 1171, is **DENIED.**

For the reasons stated in § III of the sealed Memorandum Opinion entered herewith, the court concludes that the interests of justice would not be served by substituting Gladden because he has represented de la Cerda since the beginning of the case, he is the only attorney representing de la Cerda who has been focused on

trial preparation, who has been focused on trial preparation and substituting him would likely cause significant delay due to the need for new counsel to duplicate substantial amounts of work that Gladden has already completed; that the court has conducted an adequate inquiry on the motions to substitute Gladden by examining multiple affidavits and by receiving testimony from all interested parties at the hearing held on February 27, 2020; and that while there is substantial evidence of an irreconcilable conflict between Recer and Gladden, there is no evidence of a conflict or breakdown in communication between de la Cerda and Gladden sufficient to justify substituting Gladden. Accordingly, the Unopposed Motion for Substitution to Relieve CJA Panel Attorney Gladden of His Appointment filed by Danalynn Recer, Docket Entry No. 1171, is **DENIED**, and the Amended Motion to Substitute for CJA Panel Attorney Greg Gladden, Docket Entry No. 1213, is **DENIED.**

For the reasons stated in § IV of the sealed Memorandum Opinion entered herewith, the court concludes that the reasons for which the court relieved Recer of her appointment, the additional reasons brought to the court's attention by her two co-counsel for which they have each independently concluded that they cannot work with her, and the need for federal courts to ensure that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them, Gladden's motion to strike will be granted. Accordingly, the

Motion to Strike Notice of Appearance, Docket Entry No. 1157, filed by CJA Panel Attorney Greg Gladden is **GRANTED**.

As stated in sealed Order (Docket Entry No. 1204) entered on January 10, 2020, the court concluded that the pleading Recer sought leave to submit, ex parte and sequestered from co-counsel, on January 10, 2020, contained material that could reasonably be viewed as supplementing the motions then pending before the court,[1] the court filed the pleading under seal and provided it to Gladden and Sothern. Accordingly, Recer's Motion for Leave to File Ex Parte Pleading Containing Protected Material Under Seal and Sequestered Pursuant to Texas Rule of Professional Conduct 1.05; the District CJA Plan XII.B.7; and Local Rule 5.1, Docket Entry No. 1208, is **DENIED**.

Because on February 27, 2020, the court conducted a hearing on all of the pending motions addressing the representation of defendant Ramon de la Cerda, the Ex Parte Motion for Expedited Review and Hearing filed on behalf of defendant Ramon de la Cerda by William Sothern, Docket Entry No. 1181, is **MOOT**; and the Renewed Motion for Sequestered, Ex Parte, Sealed in Camera Hearing and Sequestered Filing, Docket Entry No. 1216, is **MOOT**.

---

[1] See e.g., the Motion to Strike, Docket Entry No. 1157; the Motion for Reconsideration and Substitution, Docket Entry No. 1171; and the Motion for Expedited Review and Hearing, Docket Entry No. 1181.

-4-

Because neither Recer nor de la Cerda have made any showing that de la Cerda's file contains confidential or privileged information that de la Cerda did not want disclosed to Sothern or Gladden, but instead have argued that the entire file would be withheld from both Gladden and Southern unless and until they agree to work with Recer, the court concludes that Recer has no ethical reason for failing to produce de la Cerda's entire case file to Gladden and Sothern who are de la Cerda's attorneys of record and need the file to effectively represent him in this case. On February 25, 2020, the court entered an Order (Docket Entry No. 1219) ordering Recer to bring to the hearing de la Cerda's entire file including her work product and the work product of all service providers for whom she seeks compensation under the CJA. Attorney David George represented Recer at the hearing. When the court ordered Recer to provide de la Cerda's file to the court to be filed under seal until the court ruled on the pending motions, Recer refused to comply. Attorney David George stated on the record that he would maintain custody of the file and would not allow it to be altered until the court ruled.[2] Accordingly, Attorney David George is **ORDERED** to produce de la Cerda's entire file either to Attorney William M. Sothern or Attorney Gregory Gladden at an agreed time and place but no later than three (3) business days from the entry of this Order. Attorney David George

---

[2]Sealed Minute Entry, Docket Entry No. 1221.

and the attorney to whom the file is produced are **ORDERED** to prepare and file under seal a joint inventory of the file within five (5) business days from the entry of this Order. Attorney David George may prepare and submit to the court for payment at the CJA rate, vouchers for the time spent producing the file and preparing and filing the joint inventory.

Because the court does not believe that Recer will be able to make a strong showing that an appeal of this Order would likely succeed on the merits, and because Recer will not be irreparably injured absent a stay, but a stay will substantially injury de la Cerda who has a presentation to the Capital Case Committee scheduled for May 4, 2020, and the other death-eligible defendants who are awaiting recommendations to the Attorney General that will be made together with de la Cerda's, and because the public interest lies in moving this case forward as expeditiously as possible, the court **DENIES** an anticipated motion for stay. See United States v. Transocean Deepwater Drilling, Inc., 537 F. App'x 358, 360 (5th Cir. 2013) (per curiam) (quoting Nken v. Holder, 129 S. Ct. 1749, 1761 (2009) (stating the four factors courts consider when analyzing a motion for stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies")).

Because as stated in <u>United States v. Sampson</u>, 68 F. Supp. 3d 233, 239-41 (D. Mass. 2014), this case is not the first case in which Recer's failure to prioritize properly and efficiently focus on the most consequential issues of the case has not only consumed extraordinary amounts a court's time and resources but also caused significant delay and hardship, and because Recer's practice involves capital cases for which information and filings are often unavailable even to other courts, this Order will not be filed under seal.

**SIGNED** at Houston, Texas, on this the 2nd day of April, 2020.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE