UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR NO.  4:15-cr-00564-26 |
| | ) | |
| RAMON DE LA CERDA | ) | |

**DANALYNN RECER'S MOTION TO STRIKE
GREG GLADDEN'S MOTION FOR SANCTIONS**

Danalynn Recer—with the knowledge and consent of Defendant Ramon de la Cerda—files this reply to CJA panel attorney Greg Gladden's Response to learned counsel William Sothern's Ex Parte Motion for Clarification Regarding April 2, 2020 Order.  Doc. 1262  (05/06/2020).  Mr. Gladden asks this Court to sanction Ms. Recer and disbar her, preventing her from practicing again in the Southern District of Texas.  This Court should strike Mr. Gladden's motion for sanctions and disbarment because it does not comply with the procedures for disbarment and because it contains improper and unethical attacks on Ms. Recer.

**I.     Background**

Mr. Sothern filed both his Ex Parte Motion for Substitute Counsel, seeking Mr. Gladden's removal and Motion for Clarification Regarding April 2, 2020 Order, seeking clarification regarding whether the Court's order removing undersigned from Mr. de la Cerda's trial team was intended to prevent him also from securing private counsel to represent him in administrative agency proceedings before the DOJ,  under seal and ex parte because they contain confidential information regarding the client.  Docs. 1255 & 1256 (04/30/2020)

Mr. Gladden filed a response to the motion seeking his removal under seal and ex parte.

He filed his response to the Motion for Clarification publicly, however, because he determined that "the parties and lawyers have an interest in the issue at hand." Doc. 1262. Mr. Gladden asks this Court to sanction Ms. Recer and to also disbar her from practicing in the Southern District of Texas. Doc. 1262. He asks this Court to "direct the clerk to remove Recer's name from the list of attorneys authorized to practice law in the United States District Court for the Southern District of Texas. Doc. 1262 at 2.

Mr. Gladden writes that "[t]he misbehavior of Danalynn Recer described in the Ex-Parte Motion for Clarification regarding April 2, 2020 order is further evidence that she lacks the ethical, moral, intellectual compass required of one licensed to practice law before this court." Doc. 1262 at 1. He urges that disbarment is the only way "to stop her from: 1) acting in bad faith by failing to respond and follow Court Orders; 2) obstructing and delaying the case to the determinant of her client, the other defendants, the court, and the administration of justice." Doc. 1262 at 1.

Mr. Gladden calls Ms. Recer "a 'black widow," and claims that she is committing malpractice. Doc. 1262 at 2.

## II.     This Court Should Strike Mr. Gladden's Motion for Sanctions and Disbarment

This Court should strike Mr. Gladden's motion for sanctions and disbarment because (1) it does not comply with Southern District procedures for disbarment, (2) it was filed without permission of Defendant Ramon de la Cerda and against his wishes, and (3) it contains improper and unethical attacks on Ms. Recer.[1] In the alternative, the Court should place Mr. Gladden's motion under seal because it addresses confidential client issues.

---

[1] At this time, Ms. Recer is not responding to Mr. Gladden's motion for sanctions and disbarment because this is not the proper time and forum for that response.

2

**A.     Mr. Gladden has not followed the Southern District's procedures for disbarment.**

The Southern District of Texas has established procedures for attorney disbarments, but Mr. Gladden has not followed those procedures. His motion to disbar Ms. Recer, therefore, is defective and should be stricken.

As Amicus Curiae Harris County Criminal Lawyers Association ("HCCLA") explains in its amicus brief, does not at this time answer the motion for sanctions. Rule 5 of the *Rules of Discipline for the United States District Court for the Southern District of Texas* governs disciplinary procedure in the District. Rule 5 provides for a process when there are "[c]harges that any lawyer of this bar has engaged in conduct which might warrant disciplinary action," including:

- An initial determination of frivolousness by the Chief Judge;

- Random assignment of non-frivolous charges to a district judge for review;

- Notice by the reviewing judge to the charged lawyer;

- An opportunity for the charged lawyer to respond before the reviewing judge;

- A recommendation by the reviewing judge to the Chief Judge;

- Further hearings (if recommended by the reviewing judge) before a district judge;

- Fourteen days' notice to the charged lawyer of the hearing, the charges, and the right to counsel at the hearing;

- A hearing on the record, with witnesses sworn, with prosecution by an attorney specially appointed by the hearing judge;

- Written findings by the hearing judge; and

- Appeal to a randomly assigned panel of three district court judges of the court.

*Rules of Discipline*, *Southern District of Texas Local Rules of Procedure Appx. A*, Rule 5.  Mr. Gladden has followed none of those procedures.

If Mr. Gladden has a complaint regarding Ms. Recer, he can file a grievance with the State Bar of Texas by filling out their online Grievance Form. It is available at https://www.texasbar.com/Content/NavigationMenu/ForThePublic/ProblemswithanAttorney/GrievanceEthicsInfo1/File_a_Grievance.htm. It must be filled out completely and mailed to: Office of the Chief Disciplinary Counsel, P.O. Box 13287, Austin, Texas 78711; or faxed to (512) 427-4169. Please note that all supporting documents (court pleadings, emails, transcripts, etc.) must be printed on 8 x 11.5 paper and attached to the grievance. The use of tabs and staples should be minimized as the paper documents will be scanned.

**B. Mr. Gladden filed his motion without the permission—and against the wishes—of his client Mr. de la Cerda—instead he filed it for the benefit of other defendants he does not represent.**

Mr. Gladden makes clear that he is filing the motion for sanctions and disbarment without the permission of his client Mr. de la Cerda. Doc. 1262 at 1. Mr. de la Cerda has made clear numerous times—both in declarations and in oral testimony to this Court—that he wants Ms. Recer to act as his lawyer and that he does not want Mr. Gladden representing him. Mr. Gladden, therefore, his acted against his client's wishes when he filed the motion.

Instead of focusing on his duty of loyalty to his client Mr. de la Cerda, Mr. Gladden appears guided by loyalty to other defendants who are not his clients. Mr. Gladden accuses Ms. Recer of acts that harmed "the other defendants" in the case. Doc. 1262 at 1. But Mr. Gladden is not the attorney for "the other defendants"—he is Mr. de la Cerda's attorney. So Mr. Gladden owes complete allegiance to Mr. de la Cerda, not to "the other defendants." *Von Moltke v. Gillies*, 332 U.S. 708, 725–26 (1948) ("Undivided allegiance and faithful, devoted service to a client are prized traditions of the American lawyer."); *Chu v. Hong*, 249 S.W.3d 441, 446 (Tex. 2008) (an attorney has "a fiduciary duty to further the best interests of his clients").

This Court, therefore, should strike Mr. Gladden's motion for sanctions and disbarment

4

because it was filed without his client's permission and against his client's wishes. Instead, it was filed to assist other defendants who Mr. Gladden does not represent, which is a violation of his fiduciary duty of complete loyalty to his client Mr. de la Cerda.

## C. Mr. Gladden's motion should be stricken because it contains improper and unethical attacks on Ms. Recer.

Mr. Gladden's attack on Ms. Recer and his call for her disbarment are improper and should not be rewarded by this Court.

Mr. Gladden attacks Ms. Recer as "a 'black widow.'" Doc. 1262 at 2. Courts throughout the country have recognized the meaning of the slur "black widow." It is used to allege that a woman lures men into sexual relations and then kills them, often for financial gain.[2] Mr. Gladden, therefore, is alleging that Ms. Recer is attempting to cause Mr. de la Cerda's death for her own benefit.

There is no charge against a lawyer more serious than that she is trying to harm her client. That charge is even more inflammatory when made against a death-penalty lawyer who has spent her entire career defending her clients from the government's attempts to kill them. Mr. Gladden's use of the slur "black widow" shows the lack of merit that his allegations have. Rather than address the merits of his issues with Ms. Recer, he resorts to gendered slurs. This Court should strike Mr. Gladden's improper pleading as not befitting an officer of this Court.

---

[2] *See DeLuca v. Lord*, 77 F.3d 578, 585 (2d Cir. 1996) ("a 'black widow' who lured men into sexual relationships and then killed them"); *DeLuca v. Lord*, 858 F. Supp. 1330, 1361 (S.D.N.Y. 1994), aff'd, 77 F.3d 578 (2d Cir. 1996) ("a black widow spider, a sex-starved woman who mates and then kills"); *Kitchings v. State*, 291 So. 3d 181, 194 (Fla. Dist. Ct. App. 2020) ("'Black Widow' cases, where a person engages in a pattern of poisoning sexual partners for financial gain.").

The declaration of Prof. Elivia Arriola explains in detail why Mr. Gladden's motion is an improper gendered attack on Ms. Recer.[3] Prof. Arriola explains that Mr. Gladden's statements about Ms. Recer's work methods and product can be placed in the category of disrespectful, demeaning and sex stereotyped treatment of female attorneys. A number of Mr. Gladden's personal attacks of Ms. Recer's abilities and qualifications as a capital case attorney, whether in written exchanges or about her to the court may also be placed in the category of unprofessional conduct directed by one attorney to another on the basis of sex or gender.

### III.  Conclusion

Mr. Gladden's filing is unprofessional, uncivil, not authorized by Mr. Gladden's client, and contributes nothing to the Court's consideration of the question asked by Mr. Sothern. Mr. Gladden's filing is also defective because it does not follow the Southern District's procedures to disbar an attorney. It should be stricken entirely.

If not stricken, Mr. Gladden's filing should be placed under seal because it contains confidential client information.

---

[3] Prof. Arriola's declaration will be filed on or before Monday, May 18, 2020. Neither this motion nor Mr. Gladden's motion for sanctions are included in the Court's order requiring all filings to be completed by May 15, 2020. Doc. 1258 (5/4/20).

6

Respectfully submitted,

Danalynn Recer
Texas Bar No. 00792935
GULF REGION ADVOCACY CENTER
2307 Union Street
Houston, Texas 77007
Telephone: (713) 869-4722
Fax: (713) 880-3811
dlrecer@aol.com

David George
BAKER•WOTRING LLP
Texas Bar No. 00793212
Federal ID No. 19330
JPMorgan Chase Tower
600 Travis Street, Suite 700
Houston, Texas 77002
Telephone: (713) 980-6513
Fax: (713) 980-1701
dgeorge@bakerwotring.com

*Counsel for Danalynn Recer and
Gulf Region Advocacy Center*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of this motion was served upon the following by ECF and/or email on May 15, 2020:

>Greg Gladden
>LAW OFFICE OF GREG GLADDEN
>3017 Houston Avenue
>Houston, Texas 77009
>gladden@airmail.net
>*Appointed Counsel for Ramon de la Cerda*
>
>William M. Sothern
>LAW OFFICE OF WILLIAM M. SOTHERN
>1024 Elysian Fields Avenue
>New Orleans, Louisiana 70117
>billy@sothernlaw.com
>*Appointed Counsel for Ramon de la Cerda*

>>*/s/ Danalynn Recer*
>>Danalynn Recer