United States District Court
Southern District of Texas
**ENTERED**
May 22, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NUMBER H-15-564 (26) |
| | § | |
| RAMON DE LA CERDA | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the court are Ex Parte Motion for Clarification Regarding April 2, 2020 Order ("Motion for Clarification") (Docket Entry No. 1255) filed by William Sothern ("Sothern"), Response of Greg Gladden ("Gladden") to Ex-Parte Motion for Clarification Regarding April 2, 2020 Order and Motion for Sanctions (Docket Entry No. 1262), and Danalynn Recer's ("Recer") Motion to Strike Greg Gladden's Motion for Sanctions (Docket Entry No. 1267). Also before the court are the Ex Parte Sealed Response to Ex Parte Motion for Clarification Regarding April 2, 2020 Order and Ex Parte Motion for Substitute Counsel ("Recer's Response to Sothern's Motion for Clarification") (Docket Entry No. 1263), Brief of Amicus Curiae Harris County Criminal Lawyers Association (Docket Entry No. 1266), Reply Regarding Ex Parte Motion for Clarification Regarding April 2, 2020 Order (Docket Entry No. 1268) filed by Sothern, Reply to Response of Greg Gladden to Ex-Parte Motion for Clarification Regarding April 2, 2020 Order (Docket Entry No. 1269) filed by Recer, multiple declarations and statements filed by Recer (Docket Entry Nos. 1270, 1271, and 1272 and attachments thereto), and Exhibits to Danalynn Recer's Motion to Strike Greg Gladden's

Motion for Sanctions (Docket Entry No. 1274).  For the reasons stated below Sothern's motion for clarification will be granted, Gladden's motion for sanctions will be denied, Recer's motion to strike will be denied as moot, Recer will be ordered not to file any additional instruments in this case without first obtaining leave of court, and the Clerk of the Court will be directed strike any additional filings made in this case by Recer or on Recer's behalf without leave of court.

## I. **Background**

On September 25, 2019, the court entered a Memorandum and Order (Docket Entry No. 1130) which, <u>inter alia,</u> terminated Recer's appointment to represent defendant Ramon De la Cerda ("De la Cerda").  On April 2, 2020, the court entered Conclusions and Order (Docket Entry No. 1235) which, in pertinent part, denied Recer's Ex Parte Sealed Motion to Reconsider Termination or Reinstate Appointment of Capital Learned Counsel and Unopposed Motion for Substitution to Relieve CJA Panel Attorney Gladden of His Appointment (Docket Entry No. 1171), and granted Gladden's Motion to Strike [Recer's] Notice of Appearance (Doc. # 1133)(Docket Entry No. 1157).  The reasons for the court's rulings were summarized in the Conclusions and Order (Docket Entry No. 1235), and stated at length in a sealed Memorandum Opinion (Docket Entry No. 1236).

Recer filed a Petition for Writ of Mandamus in the Fifth Circuit Court of Appeals regarding the court's April 2, 2020,

orders, seeking an order directing the court to withdraw its order disqualifying her from representing De la Cerda, which the Fifth Circuit denied on April 6, 2020.[1]

On May 15, 2020, the court entered an Order (Docket Entry No. 1265) granting De la Cerda's Ex Parte Motion for Substitute Counsel (Docket Entry No. 1256), removing CJA Panel Attorney Greg Gladden as counsel and appointing, instead, Attorney Bob Loper ("Loper"). Pursuant to the court's April 2, 2020, Conclusions and Order (Docket Entry No. 1235), and the Order (Docket Entry No. 1256) appointing Bob Loper, William Sothern and Bob Loper serve as sole defense counsel for Ramon De la Cerda in this case.

## II. **Sothern's Motion for Clarification**

On April 30, 2020, Sothern filed the pending Motion for Clarification stating:

> Undersigned counsel respectfully moves for clarification of this Court's April 2, 2020 order striking Attorney Danalynn Recer's appearance in this case and removing her as counsel of record. Rec. Doc. 1235. Attorney Recer has taken the position that this does not limit her ability to continue to represent Mr. de la Cerda with respect to the preparation and submission of materials to and conference with the Capital Case Committee of the Department of Justice, which will determine whether the Government is authorized to seek the death penalty in this case. Undersigned counsel seeks clarification to resolve this question.

---

[1]See In re Ramon de la Cerda, Fifth Circuit Case No. 20-20191, Docket Entry No. 14 (denying petition for writ of mandamus and opposed motion to stay the district court's order that petitioner's counsel must turn over his file over his objection).

. . .

> Undersigned counsel specifically requests that the
> Court consider this motion on an expedited basis. Given
> the September 14, 2020 Department of Justice conference
> date and the history of difficulties relating to the
> counsel issues in this case, it is critical that counsel
> for Mr. de la Cerda be able to move forward with
> preparations deliberately and without delay. However,
> the continued ambiguity concerning the roles of various
> counsel involved in this case constrains progress on
> investigation, record collection, budgeting, and other
> necessities. Indeed, the Circuit Budgeting Attorney at
> the Fifth Circuit has suggested that this counsel issue
> should be resolved prior to developing a budget going
> forward.
>
> Wherefore, undersigned counsel respectfully requests
> clarification concerning the Court's April 2, 2020 order
> and, in particular, whether Attorney Recer may continue
> to represent Mr. de la Cerda in capacities other than as
> counsel of record in these proceedings, including with
> respect to the Capital Case Committee, notwithstanding
> this Court's April 2, 2020 order.[2]

Asserting that "the court must not become involved in the DOJ

process,"[3] Recer responds that "[w]hether or not to seek the death

penalty is wholly a matter of prosecutorial discretion. Both the

process itself and the outcome are typically found to be beyond the

reach of the judiciary."[4]

---

[2]Motion for Clarification, Docket Entry No. 1255, pp. 1 and 4 (emphasis in original).

[3]Recer's Response to Sothern's Motion for Clarification, Docket Entry o. 1263, p. 6 (heading between ¶¶ 15 and 16). Gladden has also filed a response, see Response of Greg Gladden to Ex-Parte Motion for Clarification Regarding April 2, 2020 Order and Motion for Sanctions, Docket Entry No. 1262, but since Gladden no longer represents de la Cerda, his response is moot.

[4]Id. at 6-7 ¶ 16. See also id. at 3-4 ¶ 5 (Recer argues that "the DOJ Capital Case Review process is a confidential, non-judicial, administrative proceeding conducted by an executive branch agency not subject to the Court's supervisory powers. The (continued...)

Attached to Recer's response is a Legal Services Agreement signed by her and by De la Cerda on April 6, 2020, but "effective beginning April 2, 2020," for "legal services" including <u>inter alia</u>

> [p]reparation and presentation of a submission to the United States Department of Justice's Capital Case Review Committee pursuant to their Capital Case Protocol, in opposition of an authorization for the government to seek the death penalty.  This is an extra-judicial process that may include ongoing discussions with counsel for the government regarding the production of information relevant to the authorization process, as well as negotiation with counsel for the government regarding a proposed settlement to be proffered to the Capital Case Review Committee.[5]

The Legal Services Agreement also states that

> Mr. de la Cerda understands that Ms. Recer does  not represent him in the federal district court for the Southern District of Texas and that the services to be provided will not include defending him in judicial proceedings in the matter of <u>U.S. v. Ramon de la Cerda,</u> 4:15-cr-00564-26 before that Court.[6]

Citing <u>inter alia United States v. Cox,</u> 342 F.2d 167, 171 (5th Cir. 1965), for its statement that "as an incident of the constitutional separation of powers, . . . the courts are not to interfere with the free exercise of the discretionary powers of the attorneys of

---

[4](...continued)
Court plays no role in that administrative process.  Indeed, there is a bright line of separation between the powers of the government to exercise discretion in criminal prosecutions and the Court's judicial powers to preside over them."

[5]Legal Services Agreement, Docket Entry No. 1263-1, ¶ 3.B.

[6]<u>Id.</u> ¶ 4.

the United States in their control over criminal prosecutions,"[7]
Recer argues that "[t]his Court should take no position as to Mr. de
la Cerda's representation in the internal administrative
proceedings of the executive branch."[8]

Sothern replies that

> it is abundantly clear — just as it was prior to the
> Court's April 2, 2020 order — that Mr. de la Cerda would
> like Attorney Recer to continue to represent him in
> whatever capacity that the Court will tolerate. . . .
> [U]ndersigned counsel and Attorney Recer will not be able
> to work <u>together</u> to effectively represent Mr. de la Cerda
> in this case.
>
> Undersigned counsel has been consistent on this . .
> . [last] point with the Court for the many months in
> which the litigation on the counsel issues in this case
> have been litigated. . .
>
> . . . [U]ndersigned counsel takes no position
> concerning the correct resolution of the matter <u>after
> conferring with Mr. de la Cerda.</u> This is consistent with
> the undersigned counsel's February 5, 2020, Notice
> regarding Counsel Issues, in which he similarly
> explained, "[i]n response, undersigned counsel submits
> this notice to inform the Court that, at this time, after
> conferring with Mr. de la Cerda . . . and based on his
> direction, undersigned counsel will not submit any
> additional pleadings relating to the counsel issue
> presently before the Court." Rec. Doc. 1211.
> Undersigned counsel's maintenance of this position is
> essential to the viability of his attorney client
> relationship with Mr. de la Cerda.[9]

---

[7]Recer's Response to Sothern's Motion for Clarification,
Docket Entry No. 1263, p. 4 n. 1.

[8]<u>Id.</u> at 20 ¶ 65.

[9]Reply Regarding Ex Parte Motion for Clarification Regarding
April 2, 2020 Order, Docket Entry No. 1268, pp. 2-3 (emphasis in
original).

## A.   Applicable Law

De la Cerda stands indicted for crimes for which the statutorily authorized punishment includes the death penalty. The Government must file a notice of its election to seek or not to seek the death penalty "a reasonable time before the trial." 18 U.S.C. § 3593(a). The decision whether to seek the death penalty is a matter of prosecutorial discretion. See McClesky v. Kemp, 107 S. Ct. 1756, 1777 (1987) ("the capacity of prosecutorial discretion to provide individualized justice is 'firmly entrenched in American law'") (citations omitted). "The decision whether to seek the death penalty is made by the Attorney General, but only after considering the recommendations of the local U.S. attorney and an advisory committee within the Department of Justice ('DOJ')." In re Sterling-Suarez, 306 F.3d 1170, 1172 (1st Cir. 2002). See also Justice Manual Title 9-10.000 et seq. ("Capital Crimes"); id. at Title 9-10.050 ("Except as otherwise provided herein . . ., the Attorney General will make the final decision whether to seek the death penalty."), and Title 9-10.130 ("The Attorney General will make the final decision whether the Government should file a notice of intent to seek the death penalty.").

The DOJ's internal protocol for deciding whether to seek the death penalty in any particular case provides for the United States Attorney for the district in which the indictment is pending to submit a "[p]rosecution memorandum" that includes both a recommendation "on whether the death penalty should be sought," and "materials provided by defense counsel." Id. at Title 9-10.080.

-7-

See also id. ("The United States Attorney or Assistant Attorney General shall give counsel for the defendant a reasonable opportunity to present information for the consideration of the United States Attorney or Assistant Attorney General which may bear on the decision whether to seek the death penalty."); id. at Title 9-10.130 ("No final decision to seek the death penalty shall be made if defense counsel has not been afforded an opportunity to present evidence and argument in mitigation."). The DOJ procedure also recognizes the possibility for "proposed plea agreements that precede a decision by the Attorney General to seek or not to seek the death penalty." Id. at Title 9-10.120 ("Conditional Plea Agreements"). "The Capital Review Committee will review requests for authorization to enter into a plea agreement under this subsection and, if a submission from defense counsel is not included with the submission, may request such a submission and schedule the case for a Committee conference." Id.

The opportunities that the Justice Manual provide to defense counsel to submit information and materials for consideration during the DOJ's internal deliberations on whether to seek the death penalty and whether to pursue a plea agreement do not create legal rights that can be enforced by a defendant or overseen by the court. See Id. at Title 1-1.200 ("The Justice Manual provides internal DOJ guidance. It is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter civil or criminal. Nor are any limitations hereby placed on otherwise lawful

-8-

litigation prerogatives of DOJ."). <u>See also United States v. Cooks,</u> 589 F.3d 173, 184 (5th Cir. 2009), <u>cert. denied,</u> 130 S. Ct. 1930 (2010) (recognizing that "[t]he [Justice Manual] itself makes plain that it 'provides only internal [DOJ] guidance [and] is not intended to, does not, and may not be relied upon[,] to create any rights.'") (quoting <u>United States v. Fernandez,</u> 231 F.3d 1240, 1246 (9th Cir. 2000)).

The appointment of counsel in capital cases is governed by 18 U.S.C. §§ 3005, 3006A, and 3599. <u>See</u> 7A Guide to Judiciary Policy, Appx. 2A, XIV.A. <u>See also</u> United States District Court for the Southern District of Texas, Criminal Justice Act Plan Amended 2018, XIV.A (same). In pertinent part § 3005 states that

> [w]hoever is indicted for . . . [a] capital crime shall be allowed to make his full defense by counsel; and the court before which the defendant is to be tried, or a judge thereof, shall promptly, upon the defendant's request, assign 2 such counsel, of whom at least 1 shall be learned in the law applicable to capital cases, . . .

18 U.S.C. § 3005. Section 3006A states that

> [a] person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate judge or the court through appeal, including ancillary matters appropriate to the proceedings. . . The court may, in the interests of justice, substitute one appointed counsel for another at any stage of the proceedings.

18 U.S.C. § 3006A(c). Section 3599(e) states, "[u]nless replaced by similarly qualified counsel . . . each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, . . ." 18 U.S.C. § 3599(e).

**B.   Application of the Law to the Facts**

In his Motion for Clarification Sothern states that during a conference call with Recer and her attorney aimed at affecting "as smooth of a transition of counsel as possible,"[10]

> Attorney Recer made clear that she is continuing to represent Mr. de la Cerda and intends to represent him with respect to the Capital Case Committee.  Through the course of this discussion, Attorney Recer made clear that she was still preparing to submit a memorandum on Mr. de la Cerda's behalf to the Capital Case Committee and to appear as counsel at the conference with the Capital Case Committee, that she and her agents were continuing to interview witnesses in preparation for the conference, that she and her agents were continuing to gather materials and add to the file, and that she and her agents were continuing to have legal visits with Mr. de la Cerda.  When undersigned counsel noted that these legal activities performed on Mr. de la Cerda's behalf were likely inconsistent with this Court's April 2, 2020 order removing Attorney Recer as counsel in this case, Attorney Recer indicated that her activities and work with respect to the Capital Case Committee were "non-judicial" and therefore beyond the Court's province.

> When undersigned counsel noted that Attorney Recer's continued activity on the case and purported representation of Mr. de la Cerda would hobble undersigned counsel's independent ability to work effectively to represent Mr. de la Cerda or to recruit and direct a team to develop mitigating evidence necessary for the Capital Case Committee presentation or for trial in the event that the case was authorized as a capital case, undersigned counsel was informed by Attorney Recer that she had already developed "the plan" for the Capital Case Committee and that (1) if she is either not permitted to implement "the plan" as Mr. de la Cerda's lawyer or (2) if undersigned counsel pursued an alternative plan, that Mr. de la Cerda would waive his right to counsel.  Based on that position, Attorney Recer stated that it was not necessary for undersigned counsel to recruit a team of service providers to assist in the representation.[11]

---

[10] Motion for Clarification, Docket Entry No. 155, pp. 2-3.

[11] Id. at 3-4.  Recer contends that "Mr. Sothern misunderstands
(continued...)

-10-

Asserting that "[t]he authorization process is, in the capital context, a plea negotiation,"[12] and citing Federal Rule of Criminal Procedure 11(c)(1) for stating that "[a]n attorney for the government and the defendant's attorney . . . may discuss and reach a plea agreement. . . [but that t]he Court must not participate in these discussions,"[13] Recer argues that "[t]o involve itself in choosing the agent who will speak for Mr. de la Cerda in this process would be to participate in the negotiations."[14] Asserting that it is not "uncommon for the DOJ presentation to be made by a lawyer who will not appear at trial,"[15] Recer argues that she

> has prepared the written presentations and made the oral
> presentations in several cases where she was not counsel
> of record, including cases in the Southern District.  In
> one instance, <u>United States v. Nuncio,</u> from the Southern
> District of Texas, learned counsel delegated his role in
> the authorization process to undersigned.  Undersigned,

---

[11](...continued)
Mr. de la Cerda's position to some extent.  He indicates that Mr. de la Cerda would 'waive his right to counsel' if undersigned 'is not permitted to implement the plan as Mr. de la Cerda's lawyer' and appointed counsel are unwilling to adopt the same agreements already made with undersigned.  Doc. 1255 at 3-4.  What undersigned described in the conference call and what Mr. de la Cerda has said in writing, is that he will waive <u>appointed</u> counsel for the authorization stage if that is the only way to ensure that his decisions regarding 'the object of the litigation' are honored.  Waiving court-funded counsel is not waiving all counsel."  Recer's Response to Sothern's Motion for Clarification, Docket Entry No. 1263, p. 5 ¶ 9 (emphasis in original).

[12]Recer's Response to Sothern's Motion for Clarification, Docket Entry No. 1263, p. 13 ¶ 39.

[13]<u>Id.</u>

[14]<u>Id.</u> at 14 ¶ 40.

[15]<u>Id.</u> at 13 ¶ 36.

together with the appointed CJA Panel attorney, [] met
with the Committee in D.C. alongside [and] in lieu of
learned counsel.     The government has never had any
objection.[16]

Recer has not cited any authority in support of her contention
that an attorney who has been disqualified from representing a
defendant in a criminal case may, nevertheless, continue to
represent that defendant in plea negotiations with the government.
Nor has Recer cited any authority supporting her contention that a
court violates Federal Rule of Criminal Procedure 11's prohibition
against participating in plea discussions by "choosing the agent
who will speak for [the defendant] in this process."[17]   To the
contrary, courts have "sole and exclusive jurisdiction over matters
related to the appointment and dismissal of counsel."   United
States v. Stewart, Criminal Action No. 11-107, 2012 WL 5289375, * 1
(E.D. La. October 23, 2012) (citing 18 U.S.C. § 3006A, and 3591 et
seq.).   Moreover, "the [c]ourt has broad discretion to determine
whether [d]efendants may retain additional counsel, and the [c]ourt
may make this determination sua sponte."   Id.   See Martel v. Clair,
132 S. Ct. 1276 (2012); United States v. Gonzalez-Lopez, 126 S. Ct.
2557, 2565-66 (2008).[18]

_____

[16]Id. at 13 ¶ 36 (citing Letter of Chuck Lanehart and Affidavit
of Richard L. Wardroup, Exhibits 2 and 3 to Recer's Response to
Sothern's Motion for Clarification, Docket Entry Nos. 1263-2 and
1263-3).

[17]Id. at 14 ¶ 40.

[18]See also Memorandum Opinion, Docket Entry No. 1054.

As Recer acknowledges, courts have a "duty to provide counsel in the authorization process to indigent defendants who request it,"[19] that "[i]t is not standard for the defendant to be represented by different counsel in the administrative proceeding and at trial,"[20] and that "[t]he authorization process is, in the capital context, a plea negotiation [subject to Federal Rule of Criminal Procedure 11]."[21]  While Rule 11 prohibits the sentencing court from  participating in plea negotiations, Rule 11 allows a district court to accept or reject a plea agreement.  <u>United States v. Pena</u>, 720 F.3d 561, 570 (5th Cir. 2013) (citing Fed. R. Crim. Proc. 11(c)(4)-(5)).

> Rule 11 also requires that the district court "address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)," and "determine that there is a factual basis for the plea."

<u>Id.</u> (quoting Fed. R. Crim. Proc. 11(b)(2) and (b)(3)).  Recer's description of her role in the <u>Nuncio</u> case where "learned counsel delegated his role in the authorization process to [her]," is vastly different from this case where (1) learned counsel has repeatedly stated that he cannot work with Recer and has filed the pending Motion for Clarification because Recer's continued

---

[19]Recer's Response to Sothern's Motion for Clarification, Docket Entry No. 1263, p. 10 ¶ 26.

[20]<u>Id.</u> at 12-13 ¶ 36.

[21]<u>Id.</u> at 13 ¶ 39.

-13-

involvement in this case is hobbling his independent ability to effectively represent De la Cerda, (2) the court has relieved Recer of her representation and denied her motions for reconsideration, reinstatement, and substitution, and (3) the Fifth Circuit has denied her request for an order directing the court to withdraw its order disqualifying her from representing De la Cerda.

The authorities Recer cites in support of her argument that "[t]his court should take no position as to Mr. de la Cerda's representation in the internal administrative proceedings of the executive branch"[22] are inapposite because they involved efforts of courts to use their inherent authority to interfere with a United States attorney's free exercise of the executive branch's discretionary powers to prosecute criminal cases. See Cox, 342 F.2d at 171 (holding that the district court could not order the United States attorney to act upon a true bill returned by a grand jury). While courts cannot interfere with the free exercise of the discretionary powers of United States attorneys, the court — not the United States attorneys — has exclusive authority over matters related to the appointment and dismissal of defense counsel. Pursuant to the court's September 25, 2019, Memorandum and Order (Docket Entry No. 1130) which, inter alia, terminated Recer's appointment to represent De la Cerda, and the April 2, 2020, Conclusions and Order and Memorandum Opinion (Docket Entry

---

[22]Id. at 20 ¶ 65.

Nos. 1235 and 1236) which, in pertinent part, denied Recer's
motions to reconsider, reinstate, and substitute, and granted
Gladden's motion to strike the notice of appearance that Recer
filed following the court's termination of her appointment, and the
Fifth Circuit's denial of Recer's application for writ of mandamus,
Recer is disqualified from representing or providing legal services
to De la Cerda in any capacity having to do with charges filed
against him in this action.  Pursuant to the court's April 2, 2020,
Conclusions and Order and Memorandum Opinion (Docket Entry
Nos. 1235 and 1236) and the court's May 15, 2020, Order (Docket
Entry No. 1265) granting De la Cerda's motion for substitute
counsel (Docket Entry No. 1256), and replacing Attorney Greg
Gladden with Bob Loper, Attorneys William Sothern and Bob Loper
serve as sole defense counsel for defendant Ramon De la Cerda for
all matters having to do with charges filed against him in this
action, including all ancillary matters appropriate to the judicial
proceedings.


## III. <u>Gladden's Motion for Sanctions and Recer's Motion to Strike</u>

Asserting that "Ms. Recer's misconduct as found in the court
filings of April 2, 2020 (docket no.'s 1235 and 1236) along with
her continued contemptuous conduct constitutes bad faith and

disbarment is appropriate,"[23] Gladden "moves the court to enforce it's Conclusions and Order of April 2, 2020 with appropriate . . . sanctions, and direct the clerk to remove Recer's name from the list of attorneys authorized to practice law in the United States District Court for the Southern District of Texas."[24]   Recer responds that "[t]his Court should strike Mr. Gladden's motion for sanctions and disbarment because it does not comply with the procedures for disbarment and because it contains improper and unethical attacks on Ms. Recer."[25]

Charges of misconduct warranting attorney discipline are governed by Rule 5 of the Rules of Discipline for the United States District Court for the Southern District of Texas.   Rule 5.A states that "[c]harges that any lawyer of this bar has engaged in conduct which might warrant disciplinary action shall be brought to the attention of the court by writing addressed to the chief judge with a copy to the clerk of court."   Rules of Discipline, Southern District of Texas Local Rules of Procedure, Appendix A, Rule 5.A. The chief judge makes an initial determination of frivolousness, and non-frivolous charges are randomly assigned to a district judge

---

[23]Response of Greg Gladden to Ex-Parte Motion for Clarification Regarding April 2, 2020 Order and Motion for Sanctions, Docket Entry No. 1262, p. 2.

[24]Id.

[25]Danalynn Recer's Motion to Strike Greg Gladden's Motion for Sanctions, Docket Entry No. 1267, p. 1.

for review.  This court, therefore, lacks authority to grant the relief sought in Gladden's motion for sanctions.  Because this court lacks authority to grant the relief sought, Gladden's motion for sanctions will be denied, and Recer's motion to strike Gladden's motion for sanctions will be denied as moot.

### IV. Recer Must Obtain Leave of Court Before Filing Any Additional Instruments in this Case

By order entered on September 25, 2019, the court terminated Recer's appointment to represent De la Cerda (Docket Entry No. 1130).  By order entered on April 2, 2020 (Docket Entry No. 1235), the court struck Recer's notice of appearance and denied her motions for reconsideration, reinstatement, and substitution for reasons stated in a Memorandum Opinion (Docket Entry No. 1236). On April 6, 2020, the Fifth Circuit denied Recer's application for an order directing the court to withdraw its order disqualifying her from representing De la Cerda.[26]  Despite being disqualified from representing De la Cerda in this case, Recer continues to file instruments "with the knowledge and consent of Defendant Ramon De la Cerda,"[27] and argues to the court and to others that she

---

[26]See In re Ramon de la Cerda, Fifth Circuit Case No. 20-20191, Docket Entry No. 14 (denying petition for writ of mandamus and opposed motion to stay the district court's order that petitioner's counsel must turn over his file over his objection).

[27]Recer's Response to Sothern's Motion for Clarification, Docket Entry No. 1263, p. 1; Danalynn Recer's Motion to Strike Greg
(continued...)

continues to represent De la Cerda in plea and other discussions with the government regarding the charges brought against him in this case. Since Sothern filed the pending Motion for Clarification, and Gladden responded with his Motion for Sanctions, Recer has filed 28 instruments totaling 124 pages detailed in the following table:

|   | Docket Entry # | Date | Instrument | # of Pages |
|---|---|---|---|---|
| 1 | 1263 | 05-08-2020 | Ex Parte Sealed Response to Ex Parte Motion for Clarification Regarding April 2, 2020 Order and Ex Parte Motion for Substitute Counsel | 20 |
| 2 | 1263-1 | 05-08-2020 | Exhibit 1 Legal Services Agreement | 1 |
| 3 | 1263-2 | 05-08-2020 | Exhibit 2 Letter of Chuck Lanehart | 4 |
| 4 | 1263-3 | 05-08-2020 | Exhibit 3 Affidavit of Richard L. Wardroup | 2 |
| 5 | 1267 | 05-15-2020 | Danalynn Recer's Motion to Strike Greg Gladden's Motion for Sanctions* | 8 |
| 6 | 1269 | 05-15-2020 | Reply to Response of Gregg Gladden to Ex-Parte Motion for Clarification Regarding April 2, 2020 Order | 4 |
| 7 | 1270 | 05-15-2020 | Reply to Response of Gregg Gladden to Ex-Parte Motion for Clarification Regarding April 2, 2020 Order | 4 |
| 8 | 1270-1 | 05-15-2020 | Declaration of Robert C. Owen | 4 |
| 9 | 1270-2 | 05-15-2020 | Statement of André De Gruy | 1 |
| 10 | 1270-3 | 05-15-2020 | Unsworn Declaration of Attorney Bobby D. Mims | 7 |

---

[27](...continued)
Gladden's Motion for Sanctions, Docket Entry No. 1267, p. 1; Reply to Response of Greg Gladden to Ex-Parte Motion for Clarification Regarding April 2, 2020 Order, Docket Entry No. 1269, p. 1. Although in Docket 1269, at p. 2 ¶ 7, Recer states that "[t]he Motion for Sanctions has been addressed by undersigned counsel's attorney, David George, in a separately filed Motion to Strike Motion for Sanctions, Doc. 1267," Docket Entry 1267 is signed first by Recer and second by George.

| | Docket Entry # | Date | Instrument | # of Pages |
|---|---|---|---|---|
| 11 | 1270-4 | 05-15-2020 | Declaration of John E. Wright | 2 |
| 12 | 1270-5 | 05-15-2020 | Declaration of William Boggs | 3 |
| 13 | 1270-6 | 05-15-2020 | Statement of David M. Lipka | 2 |
| 14 | 1270-7 | 05-15-2020 | Letter of Jerilyn L. Bell | 2 |
| 15 | 1270-8 | 05-15-2020 | Declaration of Raoul D. Schonemann | 5 |
| 16 | 1270-9 | 05-15-2020 | Declaration of Thea Jane Posel | 5 |
| 17 | 1270-10 | 05-15-2020 | Letter of Elizabeth Vartkessian, Ph.D. | 2 |
| 18 | 1271 | 05-15-2020 | Declaration of Kirsty Louise Davis | 3 |
| 19 | 1271-1 | 05-15-2020 | Declaration of Mary Gollin | 4 |
| 20 | 1271-2 | 05-15-2020 | Statement of Patrick McCann | 1 |
| 21 | 1271-3 | 05-15-2020 | Declaration of Monica Hefti | 11 |
| 22 | 1271-4 | 05-15-2020 | Declaration of Shannon Wight | 1 |
| 23 | 1271-5 | 05-15-2020 | Declaration of Philip Wischkaemper | 2 |
| 24 | 1272 | 05-17-2020 | Missing Exhibit For Reply to Response of Greg Gladden to Ex-Parte Motion for Clarification Regarding April 2, 2020 Order | 1 |
| 25 | 1272-1 | 05-17-2020 | Declaration of Mary Gollin | 4 |
| 26 | 1274 | 05-18-2020 | Exhibits to Danalynn Recer's Motion to Strike Gleg Gladden's Motion for Sanctions | 2 |
| 27 | 1274-1 | 05-18-2020 | Exhibit A - Declaration of Professor Elvia R. Arriola | 14 |
| 28 | 1274-2 | 05-18-2020 | Exhibit B - Declaration of James W. Craig | 5 |
| | Total | | | 124 |

The vast majority of the instruments that Recer filed in the 10-day period from May 8 to 18, 2020, are not responsive to pending motions. Instead, Recer states that "[t]o address doubts that the Court may have regarding the work of this team and the capacity of undersigned in particular, undersigned provides the attached statements from current and former teammates, co-workers and

-19-

colleagues."[28]  Because Recer persists in filing instruments in this case "with the knowledge and consent of Defendant Ramon De la Cerda," that are not only irrelevant, but also intended to benefit herself as well as De la Cerda — whom she no longer represents, and because Recer's history of filing of irrelevant and voluminous instruments that needlessly drain scarce judicial resources was one of the reasons that prompted the court to disqualify her from representing De la Cerda in this case, Recer will be ordered not to file any additional instruments, including ex parte instruments, without first disclosing the proposed filing to De la Cerda's defense counsel and determining if De la Cerda's defense counsel oppose the proposed filing, and then filing a motion for leave of court to make the proposed filing stating in the caption whether the proposed filing is opposed or unopposed by De la Cerda's defense counsel.  The Clerk of the Court will be directed (1) to strike any instruments filed by — or on behalf of — Danalynn Recer that are not accompanied by a motion for leave of court to file, and (2) to cite this Memorandum Opinion and Order in support of the strike.

---

[28]Reply to Response of Greg Gladden to Ex-Parte Motion for Clarification Regarding April 2, 2020 Order, Docket Entry No. 1269, p. 3 ¶ 10.

## V. <u>Conclusions and Order</u>

For the reasons stated in § II, above, the court clarifies its April 2, 2020, Conclusions and Order and Memorandum Opinion (Docket Entry Nos. 1235 and 1236) by **CONCLUDING** and **ORDERING** that Attorney Danalynn Recer is disqualified from representing or providing legal services to Defendant Ramon De la Cerda in any capacity having to do with charges filed against him in this action including all ancillary matters appropriate to the judicial proceedings. Pursuant to the court's April 2, 2020, Conclusions and Order and Memorandum Opinion, and the court's May 15, 2020, Order (Docket Entry No. 1265) granting De la Cerda's Ex Parte Motion for Substitute Counsel (Docket Entry No. 1256), replacing Attorney Greg Gladden with Attorney Bob Loper, Attorneys William Sothern and Bob Loper serve as sole defense counsel for De la Cerda for all matters having to do with charges filed against him in this action, including all ancillary matters appropriate to the judicial proceedings. Accordingly, the Ex Parte Motion for Clarification Regarding April 2, 2020, Order, Docket Entry No. 1255, filed by William Sothern, is **GRANTED**.

For the reasons stated in § III, above, Greg Gladden's Motion for Sanctions, Docket Entry No. 1262, is **DENIED**, and Danalynn Recer's Motion to Strike Greg Gladden's Motion for Sanctions, Docket Entry No. 1267, is **DENIED as MOOT**.

-21-

For the reasons stated in § IV, above, Danalynn Recer is **ORDERED** not to file any additional instruments, including ex parte instruments, in this case without first disclosing any instrument that she seeks to file to De la Cerda's defense counsel and determining if De la Cerda's defense counsel oppose the filing, and then filing a motion for leave of court to file the instrument stating in the caption whether the filing is opposed or unopposed by De la Cerda's defense counsel. The Clerk of the Court is **DIRECTED** (1) to strike any instruments filed by — or on behalf of — Danalynn Recer that are not accompanied by a motion for leave of court to file, and (2) to cite this Memorandum Opinion and Order in support of the strike.

**SIGNED** at Houston, Texas, on this the 22nd day of May, 2020.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-22-